UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BENZION YOSSEF,                                      REPORT AND
                          Plaintiff,           RECOMMENDATION
              - against -
GREYSTONE ALLIANCE LLC,                              14-CV-7027 (SJ) (JO)
                          Defendant.
------------------------------------------------------------X

James Orenstein, Magistrate Judge:

      For the reasons set forth below, I respectfully recommend that the court dismiss the Complaint with prejudice. *See* Fed. R. Civ. P. 41(b).

I.    <u>Background</u>

      On July 1, 2014, plaintiff Benzion Yossef ("Yossef") filed a Complaint against defendant Greystone Alliance LLC ("Greystone") seeking relief for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq*. Docket Entry ("DE") 1 ("Complaint"). On July 7, 2015, Yossef filed an affidavit attesting to Greystone's waiver of service of the Summons and Complaint. DE 4.

      On October 2, 2014, the parties appeared before me for an initial discovery planning conference, at which time I set a discovery schedule. DE 11 (minute entry); DE 12 (scheduling order). On October 30, 2014, Greystone's attorney moved to withdraw. DE 13. After several adjournments, a status conference was held on November 25, 2014, at which time I granted the motion to withdraw, granted a stay of 30 days for Greystone to engage new counsel and further ordered that "if new counsel does not file a notice of appearance by December 26, 2014, I will respectfully direct the Clerk to strike the defendant's answer and enter its default." DE 16 (minute entry). The defendant having failed to engage new counsel to file a notice of appearance by that deadline, on March 12, 2015, I directed the Clerk of Court to strike the Defendant's answer and enter a notation of its default and also ordered Plaintiff to serve a copy of the order on Greystone

and its principal by March 27, 2015, and to provide proof of such service. *See* Order dated March 12, 2015. Yossef did so and the Clerk entered Greystone's default that same day. *See* DE 19.

Since the Clerk's entry of default on March 12, 2015, Yossef has failed to take any further action to prosecute his case. On August 17, 2015, I entered the following order:

> A review of the docket entries in this action indicates that plaintiff obtained an entry of default against the defendant on March 12, 2015, yet the plaintiff has not filed a motion for default judgment. No later than September 14, 2015, the plaintiff must file a motion for default judgment, otherwise I will deem the plaintiff to have abandoned the case against the defendant and will promptly file a Report and Recommendation urging the assigned District Judge to dismiss the case for failure to prosecute. The plaintiff's counsel is directed to provide a copy of this order to his client and to the defendant.

Order dated August 17, 2015.  The deadline in that order has passed and Yossef has not responded.

II.   Discussion

A district court has the inherent power to manage its own affairs to achieve the orderly and expeditious disposition of cases. *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). Consistent with that inherent authority, a district court may dismiss an action, in the exercise of its sound discretion, "[i]f the plaintiff fails to prosecute or to comply with . . . a court order[.]" Rule 41(b); *see Lewis*, 564 F.3d at 575 (noting that the standard of review is abuse of discretion). Because dismissal on such grounds is unquestionably a "harsh remedy" that should be used only in "extreme situations," *Lewis*, 564 F.3d at 576 (citations omitted), a court considering such an action should examine five factors. Specifically, the court should consider whether

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id.* (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). No one factor is dispositive. *Id.* In weighing the five factors, the court must consider the record of the entire

2

case as a whole. *Id.* A court may find the standard for dismissal satisfied where it finds a "pattern of dilatory conduct" or "an action lying dormant with no significant activity to move it." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

All five factors weigh in favor of dismissing the Complaint. First, the plaintiff has exhibited a "pattern of dilatory conduct" and has allowed his claims against Greystone to lie "dormant with no significant activity" for over six months, from March 12, 2015 until now, in addition to the three months after defendant had failed to file a notice of appearance and plaintiff took no action. Second, the plaintiff's inaction has continued even in the face of a warning that such behavior could result in the dismissal of his claims. *See* Order dated August 17, 2015. Third, applicable case law establishes a presumption that a plaintiff's unreasonable delay will normally prejudice the defendant. *See*, *e.g.*, *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999) (citing *Lyell Theatre Corp.*, 682 F.2d at 43). Fourth, because of the plaintiff's inaction, his claims against Greystone are at a standstill; the plaintiff's right to an opportunity for a day in court has been thoroughly vindicated, notwithstanding the fact that he has failed to take advantage of that opportunity. Finally, no lesser sanction than dismissal is likely to be effective in light of the plaintiff's failure to respond to any of my orders directing him to take action on pain of possible dismissal.

III. <u>Conclusion</u>

For the reasons set forth above, I respectfully recommend that the court dismiss the Complaint with prejudice.

IV. <u>Objections</u>

Any objections to this Report and Recommendation must be filed no later than October 9, 2015. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

  SO ORDERED.

Dated: Brooklyn, New York
    September 22, 2015

                     /s/
                 JAMES ORENSTEIN
                 U.S. Magistrate Judge